UNITED STATES of America, Appellee,

v.

Ontario SPENCER, Defendant–Appellant.

No. 13–2268.

United States Court of Appeals, Second Circuit.

May 14, 2014.

David A. Lewis, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Lauren Howard Elbert (Susan Corkery, on the brief), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellees.

PRESENT: DENNIS JACOBS, ROBERT D. SACK, GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

**AND DECREED** that the judgment of the district court be **AFFIRMED.**

Ontario Spencer appeals from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*), convicting him of escape from custody, in violation of 18 U.S.C. § 751(a). Spencer argues the district court's sentence was substantively and procedurally unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review sentences for reasonableness, *United States v. Cossey,* 632 F.3d 82, 86 (2d Cir.2011) (per curiam), which "amounts to review for abuse of discretion," *see United States v. Cavera,* 550 F.3d 180, 187 (2d Cir.2008) (en banc). This concept applies to both " 'the sentence itself' and to 'the procedures employed in arriving at the sentence.' " *United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir.2008) (quoting *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006)). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *Id.* (internal citations, brackets, and quotation marks omitted).

The court appropriately considered all of the information before it, including the submissions made on Spencer's behalf. Indeed, the arguments presented by Spencer influenced the decision to sentence him at the bottom of the Guidelines range. We conclude that the district court did not abuse its discretion in its sentencing decision.

For the foregoing reasons, and finding no merit in Spencer's other arguments, we hereby **AFFIRM** the judgment of the district court.